**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
COLUMBUS DIVISION**

| | | |
|---|---|---|
| DOUGLAS DANIELS, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | CASE NO. 4:11-CV-1-CDL-MSH |
| | : | 42 U.S.C. § 1983 |
| JOHN DARR, *et al.,* | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

### **REPORT AND RECOMMENDATION**

Presently pending before the Court are Defendant John Darr and Paul Morris' Motion for Summary Judgment, and Defendant Lloydstone Jacobs' Motion for Summary Judgment. (ECF Nos. 32, 42.) Although notified of the filing of the motions and accompanying statements of material facts, as well as the consequences of a failure to respond, Plaintiff failed to respond. (*See* Orders 2, ECF Nos. 35, 43.) Consequently, as explained to Plaintiff in the Orders of Notification, pursuant to Local Rule 56, all the material facts in Defendants' statement of material facts are deemed admitted. For the reasons stated below, Defendants' motions should be granted.

### **DISCUSSION**

**I.    Standard for Motion for Summary Judgment**

Summary judgment may be granted only "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R.

Civ. P. 56(c)(2).  In determining whether a *genuine* issue of *material* fact exists to defeat a motion for summary judgment, the evidence is viewed in the light most favorable to the party opposing summary judgment, drawing all justifiable inferences in the opposing party's favor.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986).  A fact is *material* if it is relevant or necessary to the outcome of the suit.  *Id.* at 248.  A factual dispute is *genuine* if the evidence would allow a reasonable jury to return a verdict for the nonmoving party.  *Id.*

The party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact.  *See Reese v. Herbert*, 527 F.3d 1253, 1268 (11th Cir. 2008) (explaining that the movant shoulder[s] the initial burden of production in demonstrating the absence of any genuine issue of material fact).  If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder.  *See Penley v. Eslinger*, 605 F.3d 843, 848 (11th Cir. 2010) (In other words, once a moving party has carried its burden under Rule 56(c), the non-moving party must produce substantial evidence in order to defeat a motion for summary judgment.) (internal quotation marks and citation omitted).  In order to assist in meeting the parties' respective burdens, the Middle District of Georgia, under Local Rule 56, requires movants to attach to their motion for summary judgment a separate and

2

concise statement of the material facts to which the movant contends there is no genuine issue to be tried. The non-movant must then respond "to each of the movant's numbered material facts[, and] [a]ll material facts contained in the moving party's statement which are not specifically controverted by specific citation to the record shall be deemed to have been admitted, unless otherwise inappropriate. M.D. Ga. Local R. 56.

## II.     Plaintiff's Claims

Plaintiff claims that Defendants were deliberately indifferent to his medical needs in that they failed to properly diagnose and treat him after he fell from a bench in the shower of the jail and broke his back. (Pl.'s Compl. 4, ECF No. 1.) Although not specifically stated in his complaint, the Court will assume that Plaintiff is suing the Defendants' in both their individual and official capacities.

"To prevail on a deliberate indifference to serious medical need claim, Plaintiffs must show: (1) a serious medical need; (2) the defendants' deliberate indifference to that need; and (3) causation between that indifference and the plaintiff's injury." *Craig v. Floyd Cnty., Ga.,* 643 F.3d 1306, 1310 (11th Cir. 2011); citing *Mann v. Taser Int'l, Inc*., 588 F.3d 1291, 1306-07 (11th Cir. 2009). In other words, the prisoner must allege that the officials' response was so inadequate as to "constitute an unnecessary and wanton infliction of pain" and was not "merely accidental inadequacy, negligence in diagnosis or treatment, or even medical malpractice actionable under state law." *Taylor v. Adams,* 221 F.3d 1254, 1258 (11th Cir. 2000) (internal quotation marks, alterations and citations omitted). "Generally, an inmate who receives a medical diagnosis and care, but desires a

3

different diagnosis or treatment, cannot show deliberate indifference." *Woody v. Cronic*, 401 F. App'x 509, 512 (11th Cir. 2010) (citations omitted).

### III. Defendants Darr and Morris' Motion

In their Motion for Summary Judgment, Defendants Darr and Morris assert the defenses of the *Monell* doctrine, qualified immunity, sovereign immunity, and official state law immunity.

#### A. *Monell* Doctrine

As the Defendants stated in their Motion, a suit brought against a governmental officer in his official capacity is the same as a suit brought against the entity for which he works. *Manders v. Lee*, 285 F.3d 983, 990 (11th Cir. 2002) (panel decision) ("*Manders I*"). Here, both Defendants are employed by the Muscogee County Sheriff's Office. As such, Defendants Darr and Morris first argue that Plaintiff's complaint be dismissed on summary judgment pursuant to the *Monell* doctrine. (Defs.' Mot. for Summ. J. 3, ECF No. 34.)

The United States Supreme Court, in deciding *Monell*, held that municipalities may not be found liable on a theory of respondeat superior under section 1983. *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Officials of a municipality may only be found liable for a violation of section 1983 when the employee or official deprives the plaintiff of his or her federally protected rights pursuant to a

4

municipal policy or custom. *Monell*, 436 U.S. at 691. In order to recover from a municipality under section 1983, a plaintiff must:

> (1) identify a policy or custom that deprived him or her of a federally protected right,
> (2) demonstrate that the municipality, by its deliberate conduct, acted as the "moving force" behind the alleged deprivation, and
> (3) establish a direct causal link between the policy or custom and the plaintiff's injury.

*Bd. of the Cnty. Comm'rs v. Brown*, 520 U.S. 397, 404 (1997).

In this case, Plaintiff has wholly failed to establish that he is entitled to damages for any of the acts of which he complained. Specifically, Plaintiff has failed to identify any policy or custom of the Muscogee County Sheriff's Department that deprived him of any of his constitutional rights. Because he has failed to identify any policy of the Sheriff's Department which deprived him of any right, he is utterly unable to show any link between that policy and his injury. Accordingly, it should be found that no genuine issue of material facts exists and the Motion for Summary Judgment should be granted as to Defendants Darr and Morris in their official capacities.

### B. Qualified Immunity

Defendants next argue that they are entitled to summary judgment pursuant tot he doctrine of qualified immunity. "The doctrine of qualified immunity provides that government officials performing discretionary functions generally are shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Case*

5

*v. Eslinger*, 555 F.3d 1317, 1325 (11th Cir.2009) (internal quotation marks omitted). There are two inquiries made to determine if a defendant is entitled to qualified immunity. If either element of the qualified immunity test is decided against the Plaintiff, the Defendant is entitled to qualified immunity. One inquiry is "[t]aken in the light most favorable to the party asserting the injury, [do] the facts show that the officer's conduct violated a constitutional right?" *Saucier v. Katz*, 533 U.S. 194, 201 (2001) *overruled in part by Pearson v. Callahan,* 555 U.S. 223, 129 S.Ct. 808 (2009)(based on the circumstances of the particular case, the courts are now able to decide which of the two inquiries should be addressed first); *Seigert v. Gilley*, 500 U.S. 226, 232 (1991). The second qualified immunity question is whether the right violated was clearly established at the time of the alleged wrongful acts. *Id.* at 201. "The contours of the right must be sufficiently clear that a reasonable official would understand that he was doing violates that right." *Id.*

In this case, as noted above, Plaintiff failed to specifically respond to Defendants' Statement of Material Facts. (ECF No. 33.) Therefore, Defendants' statements of material fact are deemed to have been admitted by Plaintiff. M.D. Ga. Local R. 56. As such, Plaintiff has failed to prove that any of the rights guaranteed to him through the United States Constitution were violated by the Defendants, as is required in *Saucier*. Because no right has been violated, there is no need to address the second inquiry as provided in *Saucier*. Therefore, it is recommended that Defendants' Motion for

Summary Judgment be granted as to any claims made against them in their individual capacities.

### C.    State Law Claims

To the extent that Plaintiff has alleged any state law negligence claims against Defendants Darr and Morris, his claims are due to be dismissed on summary judgment. District courts "have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331. District courts have supplemental jurisdiction over all other claims, including state law claims, "that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  28 U.S.C. § 1367(a).  However, a district court "may decline to exercise supplemental jurisdiction over a claim under [28 U.S.C. § 1367(a) ] if . . . the district court has dismissed all claims over which it has original jurisdiction[.]"  28 U.S.C. § 1367(c)(3).

As discussed above, Plaintiff's claims in this case are without merit.  Because "[b]oth comity and economy are served when issues of state law are resolved by state courts," it is recommended that the court decline to exercise supplemental jurisdiction over any potential state law claims and dismiss those claims without prejudice. *Rowe v. City of Fort Lauderdale*, 279 F.3d 1271, 1288 (11th Cir.2002) ("The argument for dismissing the state law claims in order to allow state courts to resolve issues of state law is even stronger when the federal law claims have been dismissed prior to trial.").  As

such, it is recommended that any state law claims that may have been raised in Plaintiff's Complaint against these defendants be dismissed.

## IV.     Defendant Jacobs' Motion

Defendant Jacobs' Motion for Summary Judgment should also be granted.  First, just as he did with Defendants Darr and Morris' Motion, Plaintiff has failed to specifically respond to Defendant Jacobs' Statement of Material Facts.  (ECF No. 42-2.)  Therefore, Defendant Jacobs' statements of material fact are deemed to have been admitted by Plaintiff.  M.D. Ga. Local R. 56.  Construed in the light most favorable to Plaintiff as the non-movant and further liberally construing his response in light of his capacity as a *pro se* litigant, Plaintiff has nonetheless failed to establish that there is any genuine issue of material of fact present in the record upon which a denial of Defendant Jacobs' motion for summary judgment can be based.

In order to prevail on his constitutional claim and to recover in this case, Plaintiff must establish that Defendant Jacobs was deliberately indifferent to his serious medical needs.  "Deliberate indifference has three components: (1) subjective knowledge of a risk of serious harm; (2) disregard of that risk; (3) by conduct that is more than mere negligence."  *McElligott v. Foley*, 182 F.3d 1248, 1255 (11th Cir. 1999).  The United States Supreme Court has further held that prison officials cannot be held accountable "under the Eighth Amendment for denying an inmate humane conditions of confinement unless the official knows of and disregards an excessive risk to inmate health or safety;

the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837 (1994). "An official's failure to alleviate a significant risk that he should have perceived but did not, while no cause for commendation, cannot . . . be condemned as infliction of punishment." *Id*. at 848. "Thus, the official must have a subjectively sufficiently culpable state of mind." *Campbell v. Sikes*, 169 F.3d 1353, 1364 (11th Cir. 1999) (internal citations omitted). Additionally, a Plaintiff must "show more than mere negligence to establish a violation of the Eighth Amendment. . . ." *McElligott*, at 1255; citing *Estelle v. Gamble*, 429 U.S. 97 (1976).

In this case, Plaintiff contends that after falling off a handicapped bench in the shower, he suffered a back injury and that it took weeks to correctly diagnose his injury. (Pl.'s More Definite Statement 2, ECF No. 24.) Plaintiff contends that this constitutes deliberate indifference to his serious medical needs. The Eighth Amendment prohibits conditions or treatment (including lack of treatment for serious medical needs) that are inhumane. *Wilson v. Seiter,* 501 U.S. 294, 297 (1991). Under *Wilson,* the subjective and deliberate indifference component of Eighth and Fourteenth Amendment analysis is required in all condition of detention claims.

The record in this case, which is uncontested, reveals no evidence of any subjective knowledge of a risk of serious harm or disregard of that risk by Defendant Jacobs by conduct that was more than mere negligence. In fact, Defendant Jacobs has cited to specific evidence in the form of medical records which shows that the ongoing

9

treatment of Plaintiff's injury was well documented. (Def.'s Mem. in Supp. of Mot. for Summ. J. 2-11, ECF No. 42-1.) Plaintiff has failed to respond by citing to any evidence in the record which establishes a question of fact as to his claims of deliberate indifference. Consequently, Defendant Jacobs is entitled to summary judgment as to these claims.

## CONCLUSION

For the reasons discussed above, Defendants' motions for summary judgment should be granted. WHEREFORE, IT IS HEREBY RECOMMENDED that Defendants Darr and Morris', as well as Defendant Jacobs', Motions for Summary Judgment be granted. Under 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within FOURTEEN (14) DAYS after being served with a copy hereof.

SO RECOMMENDED, this 23rd day of August, 2011.

S/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE